O

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| LAVERNE ALEXANDER,<br><br>　　　　　　Plaintiff,<br><br>　　vs.<br><br>MICHAEL J. ASTRUE,<br>Commissioner of Social Security,<br><br>　　　　　　Defendant. | Case No. EDCV 12-0419-DTB<br><br>ORDER REVERSING DECISION OF COMMISSIONER AND REMANDING FOR FURTHER ADMINISTRATIVE PROCEEDINGS |

Plaintiff filed a Complaint ("Complaint") on March 28, 2012, seeking review of the Commissioner's denial of her applications for Disability Insurance Benefits and Supplemental Security Income. In accordance with the Magistrate Judge's Case Management Order, the parties filed a Joint Stipulation ("Jt. Stip.") on November 26, 2012. Thus, this matter now is ready for decision.[1]

/ / /

/ / /

---

[1] As the parties were advised in the Case Management Order, the decision in this case is being made on the basis of the pleadings, the Administrative Record ("AR"), and the Joint Stipulation filed by the parties. In accordance with Rule 12(c) of the Federal Rules of Civil Procedure, the Court has determined which party is entitled to judgment under the standards set forth in 42 U.S.C. § 405(g).

**DISPUTED ISSUES**

1. Whether the Administrative Law Judge ("ALJ") properly evaluated the opinions of plaintiff's treating physicians with respect to her mental impairments. (Jt. Stip. 3-11.)

2. Whether the ALJ properly considered the severity of plaintiff's mental condition. (Jt. Stip. 11-15.)

**DISCUSSION**

**I. Reversal is warranted based on the ALJ's determination that plaintiff's mental impairments are not severe.**

Although raised separately, Disputed Issues One and Two both call into question the ALJ's finding, at Step Two of the five-step disability evaluation, that plaintiff does not have a "severe" impairment that significantly affects her ability to perform basic work-related activities. In Disputed Issue One, plaintiff argues that "the ALJ failed to acknowledge major depressive disorder as one of Plaintiff's medically determinable impairments" and "[i]n so doing, the ALJ implicitly rejected the diagnosis of major depressive disorder assessed by four treating physicians." (Jt. Stip. 5.) In Disputed Issue Two, plaintiff argues that the medical record included substantial evidence that plaintiff had a severe mental impairment. (Jt. Stip. 11-12.)

At Step Two of the five-step disability evaluation, "[a]n impairment or combination of impairments may be found 'not severe *only if* the evidence establishes a slight abnormality that has no more than a minimal effect on an individual's ability to work.'" Webb v. Barnhart, 433 F.3d 683, 686 (9th Cir. 2005) (emphasis in original) (quoting Smolen v. Chater, 80 F.3d 1273, 1290 (9th Cir. 1996)); see also Yuckert v. Bowen, 841 F.2d 303, 306 (9th Cir. 1988). If an ALJ is "unable to determine clearly the effect of an impairment or combination of impairments on the individual's ability to do basic work activities, the sequential evaluation should not end with the not severe evaluation step" with respect to that particular condition.

1 Webb, 433 F.3d at 687 (quoting Social Security Ruling ("SSR") 85-28) (internal
2 quotation marks omitted).  Step Two, then, involves a "de minimis screening device
3 used to dispose of groundless claims, and an ALJ may find that a claimant lacks a
4 medically severe impairment or combination of impairments only when his conclusion
5 is clearly established by the medical evidence." Id. (internal citation, quotation marks
6 and brackets omitted); see also Yuckert, 841 F.2d at 306 ("Despite the deference
7 usually accorded to the Secretary's application of regulations, numerous appellate
8 courts have imposed a narrow construction upon the severity regulation applied
9 here.").

10      Under this narrow standard, the ALJ's conclusion that plaintiff lacked a
11 medically severe impairment or combination of impairments is not clearly established
12 by the medical evidence.  Rather, the record includes evidence of mental problems
13 "sufficient to pass the de minimis threshold of step two." Webb, 433 F.3d at 687
14 (citing Smolen, 80 F.3d at 1290).  For instance, plaintiff's treating physicians have
15 repeatedly diagnosed her with major depressive disorder, "recurrent, severe, [with]
16 psychotic [features]" and she has a long history of mental health problems. (See, e.g.,
17 AR 319, AR 344, AR 413-14.)  Treating psychiatrist Marissa Mejia, M.D. noted
18 plaintiff has had depression and auditory hallucinations since childhood due to her
19 mother's drug addiction and being placed in foster homes. (AR 376-77.)  Further,
20 plaintiff has received counseling since she was twelve years old for behavioral
21 problems. (AR 381.)

22      Additional evidence supports a conclusion that plaintiff's mental impairments
23 had more than a minimal effect on her ability to work.  On April 2, 2008, plaintiff was
24 hospitalized at Arrowhead Regional Medical Center of Behavioral Health for feeling
25 / / /
26 / / /
27 / / /
28 / / /

suicidal. (AR 319.) She was diagnosed with major depression by Phuoc Tran, M.D. and assessed a Global Assessment of Functioning ("GAF") score of 25.[2] In February of 2010, she was again hospitalized at Arrowhead Regional Medical Center as a "danger to self" and found to be "gravely disabled." (AR 402.)

Although there was other evidence relied upon by the ALJ to find plaintiff's mental impairments not severe – such as evidence that plaintiff was non-compliant with her treatment plan and experienced improvement with medication and when she was not abusing drugs or alcohol – such evidence does not clearly support the ALJ's determination in light of the other significant evidence detailed above. (See AR 16); cf. Nguyen v. Chater, 100 F.3d 1462, 1465 (9th Cir. 1996) ("[I]t is a questionable practice to chastise one with a mental impairment for the exercise of poor judgment in seeking rehabilitation.") (internal quotation marks and citation omitted). Because of plaintiff's long-term history of psychiatric problems and treatment, the sequential evaluation should not have ended with the "not severe" evaluation step. Although the Court "do[es] not intimate that [plaintiff] will succeed in proving that [s]he is disabled," the ALJ should continue the sequential evaluation beyond Step Two "because there was not substantial evidence to show that [plaintiff's] claim was 'groundless.'" Webb, 433 F.3d at 688 (citing Smolen, 80 F.3d at 1290).

///

---

[2] A GAF score is the clinician's judgment of the individual's overall level of functioning. It is rated with respect only to psychological, social, and occupational functioning, without regard to impairments in functioning due to physical or environmental limitations. See American Psychiatric Association, *Diagnostic and Statistical Manual of Mental Disorders* ("DSM-IV") 32 (4th ed. 2000).

A GAF score of 21-30 indicates "[b]ehavior [that] is considerably influenced by delusions or hallucinations or serious impairment in communication or judgment (e.g., sometimes incoherent, acts grossly inappropriately, suicidal preoccupation) or inability to function in almost all areas (e.g., stays in bed all day; no job, home, or friends). DSV-IV at 34 (bold and capitalization omitted).

1  Accordingly, the ALJ's finding that plaintiff did not suffer from a medically severe
2  impairment or combination of impairments must be reversed.

## CONCLUSION AND ORDER

The law is well established that the decision whether to remand for further proceedings or simply to award benefits is within the discretion of the Court. See, e.g., Salvador v. Sullivan, 917 F.2d 13, 15 (9th Cir. 1990); McAllister v. Sullivan, 888 F.2d 599, 603 (9th Cir. 1989) (as amended); Lewin v. Schweiker, 654 F.2d 631, 635 (9th Cir. 1981). Remand is warranted where additional administrative proceedings could remedy defects in the decision. See, e.g., Kail v. Heckler, 722 F.2d 1496, 1497 (9th Cir. 1984); Lewin, 654 F.2d at 635. Remand for the payment of benefits is appropriate where no useful purpose would be served by further administrative proceedings, Benecke v. Barnhart, 379 F.3d 587, 593 (9th Cir. 2004); where the record has been fully developed, Hoffman v. Heckler, 785 F.2d 1423, 1425 (9th Cir. 1986); or where remand would unnecessarily delay the receipt of benefits, Bilby v. Schweiker, 762 F.2d 716, 719 (9th Cir. 1985) (per curiam) (as amended).

This is not an instance where no useful purpose would be served by further administrative proceedings. Rather, this is an instance where additional administrative proceedings could remedy the defects in the ALJ's decision.

Pursuant to sentence four of 42 U.S.C. § 405(g), IT THEREFORE IS ORDERED that Judgment be entered reversing the decision of the Commissioner of Social Security and remanding this matter for further administrative proceedings.

DATED: March 28, 2013

_____
DAVID T. BRISTOW
UNITED STATES MAGISTRATE JUDGE